IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LARRY D. MULDROW**                                                                           **PLAINTIFF**

v.                                      **CASE NO. 4:24-CV-00171-BSM**

**UNITED STATES OF AMERICA and**
**ROBIN DUTY, Official, Veteran Affairs**                                         **DEFENDANTS**

## ORDER

The United States' motion to dismiss [Doc. No. 9] is granted and Larry Muldrow's complaint is dismissed. His tort claims are dismissed with prejudice and his constitutional claims are dismissed without prejudice. Consequently, his motions for a preliminary injunction [Doc. No. 6] and to stay [Doc. No. 12] are denied as moot.

## I. BACKGROUND

Larry Muldrow is a disabled veteran whose blood was drawn on February 2 or 4, 2022 by Robin Duty, an employee of the Department of Veterans Affairs ("VA"). Am. Compl. ¶¶ 23–28, Doc. No. 2. He believes that he was improperly subjected to bloodwork and that his blood samples were used for improper purposes. *Id.* Muldrow reported the alleged violations to the VA. Am. Compl. ¶¶ 18–22. He then sued the United States and Robin Duty for various torts and constitutional violations. The United States is moving to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for

the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022). In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record may all be considered. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

### III.  DISCUSSION

A.   <u>Robin Duty</u>

Because Duty is an employee of a federal agency sued in her official capacity, *see* Am. Compl. ¶¶ 1 & 5, Muldrow's tort claims against her are treated as claims against the United States and are dealt with in the next section. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (official-capacity suit treated as suit against entity defendant works for); *Duncan v. Dep't of Lab.*, 313 F.3d 445, 447 (8th Cir. 2002) ("Because a federal agency cannot be sued under the Federal Tort Claims Act ["FTCA"], the United States is the proper defendant."). Muldrow's constitutional claims against Duty are dismissed without prejudice because a *Bivens* claim is the only avenue for suing a federal employee for constitutional violations, and it is only available in individual-capacity suits. *Buford*, 160 F.3d at 1203 (sovereign immunity bars *Bivens* claim against federal employee in her official capacity).

B.     United States

*1. Tort Claims*

Muldrow's tort claims are dismissed with prejudice because they are time-barred. These claims are brought under the FTCA and are subject to a two-year statute of limitations. 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2401(b); *T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 961 (8th Cir. 2006) (for FTCA claim to be timely, an administrative claim must be filed with the appropriate agency within two years after it accrues). A cause of action under the FTCA generally accrues at the time of the plaintiff's injury. *Motley v. United States*, 295 F.3d 820, 822 (8th Cir. 2002). An administrative claim is properly filed when the agency receives "written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a).

Muldrow's injury occurred at the latest on February 4, 2022, when his blood was taken. Although he submitted several complaints to the VA, none appear to have been in the nature of a tort claim for money damages, as required by section 14.2(a). *See* Am. Compl. ¶¶ 18–22; Declaration of Cynthia Hernandez ¶¶ 2–4, Doc. No. 10-1. Because Muldrow did not properly file an administrative claim with respect to his tort claims on or before February 4, 2024, those claims are time-barred.

Equitable tolling does not preserve Muldrow's claim. He has failed to show that a reasonable person in his position would not have become aware of his claim until after February 4, 2022, *Kirklin v. Joshen Paper & Packaging of Ark. Co.*, 911 F.3d 530, 535 (8th

Cir. 2018), or the existence of a another exceptional circumstance warranting equitable modification of the statute of limitations. *Rodriguez v. Wal-Mart Stores, Inc.*, 891 F.3d 1127, 1129 (8th Cir. 2018) (citation omitted).

### 2. Constitutional Claims

Muldrow's constitutional claims, for which he seeks money damages, are dismissed without prejudice because the United States is immune from them. *See* Am. Compl. ¶¶ 30–40. The United States is immune from lawsuits for money damages unless it has expressly waived its sovereign immunity. *Coleman v. Espy*, 986 F.2d 1184, 1191–92 (8th Cir. 1993); *Hartje v. F.T.C.*, 106 F.3d 1406, 1408 (8th Cir. 1997) (*Bivens* claim may not be brought directly against the United States because of sovereign immunity).

### IV. CONCLUSION

For these reasons, the motion to dismiss is granted, the motion for a preliminary injunction is denied, the motion to stay is denied, Muldrow's tort claims are dismissed with prejudice, and his constitutional claims are dismissed without prejudice.

IT IS SO ORDERED this 19th day of September, 2024.

_____
UNITED STATES DISTRICT JUDGE